UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY D. ORR,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:18cv1986(MPS) |
| TRULEIA R. CARRINGTON, ET AL.,<br>    Defendants. | :<br>:<br>: |

### **INITIAL REVIEW ORDER**

The plaintiff, Anthony D. Orr, is currently confined at Cheshire Correctional Institution ("Cheshire"). He initiated this action by filing a civil rights complaint against Nurse Truleia R. Carrington, the Department of Correction Health Services Unit, the City of Waterbury, Connecticut, the Office of the Corporation Counsel for the City of Waterbury, and John/Jane Doe Lawyer in the Office of the Corporation Counsel for the City of Waterbury. For the reasons set forth below, the complaint will be dismissed.

**I.     Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II. Facts

The plaintiff states that he is confined at Cheshire because he was convicted of violating his term of probation. *See* Compl. at 9 ¶ 1. On May 15, 2017, an attorney representing the City of Waterbury, Police Sergeant Ferruci, and Police Officers Schmaling and Shea removed a civil rights complaint filed by the plaintiff in the Superior Court for the Judicial District of Waterbury to this court. *See Orr v. Waterbury Police Dep't, et al.*, Case No. 3:17cv788(VAB) (Notice of Removal, ECF No. 1). Two attorneys representing the defendants in that action, Joseph A. Mengacci and Linda T. Wihbey, work in the Office of Corporation Counsel for the City of Waterbury, Connecticut. *See id.* (Notices of Appearance ECF Nos. 2, 5). On February 9, 2018, in *Orr v. Waterbury Police Dep't, et al.*, Case No. 3:17cv788(VAB), Judge Bolden appointed Evan I. Cohen, an attorney who works in the law firm of Finn Dixon & Herling LLP, to represent the plaintiff as *pro bono* counsel. *See id.* (Order, ECF No. 32). Attorney Cohen appeared as *pro bono* counsel for the plaintiff on February 23, 2018. *See id.* (Appearance, ECF No. 34).

On July 20, 2018, Nurse Carrington sent a copy of the plaintiff's Department of Correction medical file to Finn Dixon & Herling LLP. *See* Compl. at 10 ¶ 10. The plaintiff also received a copy of his medical file on that date. *See id.*

On August 28, 2018, the plaintiff received an envelope from Ms. Catherine Sommer, an employee at Finn Dixon & Herling LLP, which contained a copy of his Department of Correction medical file. *See id.* at 9 ¶ 2. Ms. Sommer informed the plaintiff that counsel for the defendants in *Orr v. Waterbury Police Dep't, et al.*, Case No. 3:17cv788(VAB) had sent her the copy of his medical file. *See id.*

The plaintiff did not sign a release to permit an attorney from the Office of Corporation Counsel for the City of Waterbury to possess a copy of his Department of Correction medical file. *See id.* ¶ 4. The plaintiff examined his medical file and noticed that Nurse Carrington had signed a certification indicating that she had mailed a copy of his medical file to an unknown recipient on August 22, 2018. *See id.* ¶¶ 5, 7. The plaintiff did not see a copy of a medical release signed by him in the file. *See id.* ¶ 6.

On September 9, 2018, the plaintiff wrote to Nurse Carrington to find out why she had mailed a copy of his medical file to the Office of Corporation Counsel for the City of Waterbury. *See id.* ¶ 8. The plaintiff indicated that attorneys in the Office of Corporation Counsel represented Waterbury police defendants in his federal case, *Orr v. Waterbury Police Dep't, et al.*, Case No. 3:17cv788(VAB). *See id.* Nurse Carrington indicated that she had given the plaintiff's attorneys a copy of his medical file because the attorneys had a release. *See id.* ¶ 9.

The plaintiff then sent a letter to Ms. Sommer to confirm that Finn Dixon & Herling LLP had received a copy of his medical file from the Office of Corporation Counsel for the City of

Waterbury. *See id.* at 10 ¶ 11. On October 10, 2018, Ms. Sommer verified that the Office of Corporation Counsel for the City of Waterbury had mailed a copy of his Department of Correction medical file to her office at Finn Dixon & Herling LLP. *See id.* ¶ 12.

## III. Discussion

The plaintiff contends that the defendants violated his right to privacy under the Health Insurance Portability and Accountability Act ("HIPAA"). For relief, the plaintiff seeks an injunction requiring the Department of Correction to obtain his written consent before they transfer his medical records "not related to penological objectives." *See id.* at 10. The plaintiff also seeks compensatory and punitive damages. *See id.*

HIPAA governs confidentiality of medical records and regulates how "covered entities" can use or disclose "individually identifiable health (medical) information (in whatever form) concerning an individual." 45 C.F.R. §§ 160 and 164. HIPAA regulations, however, do not confer a private right of action on an individual. *See Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 317 n.42 (W.D.N.Y. 2018) ("Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. There is no private right to sue for a HIPAA violation.") (citations omitted); *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases across numerous circuits holding that no private right of action exists under HIPAA); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) (dismissing HIPAA claim because "HIPAA, which regulates the privacy of medical records, provides no private right of action, and enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services.") (citations omitted); *Barnes v. Glennon*, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *5 (N.D.N.Y. Sept.

4

28, 2006) (HIPAA "does not confer a private cause of action ... [or] either explicitly or implicitly, confer to private individuals a right of enforcement") (citations omitted).

The plaintiff's sole remedy for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose sanctions, both civil and criminal. *See* 45 C.F.R. § 160.306. Because the plaintiff has no private right of action under HIPAA, he fails to state a claim against the defendants for the alleged infringement of his HIPAA privacy rights due to improper disclosures of information in his medical records. The HIPPA claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### ORDERS

The court enters the following orders:

**(1)** The claim against the defendants for an infringement of his HIPAA privacy rights is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis,* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The court notes, however, that the plaintiff is not precluded from discussing this alleged violation of HIPAA with appointed counsel in *Orr v. Waterbury Police Dep't, et al.*, Case No. 3:17cv788(VAB) and raising the matter, to the extent that it would be appropriate, as a discovery issue/dispute in that action.

**(2)** The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Hartford, Connecticut this <u>11</u> day of <u>January</u>, 2019.

/s/ MICHAEL P. SHEA
Michael P. Shea
United States District Judge